T.C. Memo. 1995-550

UNITED STATES TAX COURT

WILLIAM DAVID AND JUDITH A. JAMIESON, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1834-94.                    Filed November 20, 1995.

William David Jamieson, pro se.

Louise R. Forbes, for respondent.


MEMORANDUM OPINION

COUVILLION, Special Trial Judge:  This case was heard
pursuant to section 7443A(b)(3)[1] and Rules 180, 181, and 182.

_____

[1]     Unless otherwise indicated, section references are to the
Internal Revenue Code in effect for the years at issue.  All Rule
references are to the Tax Court Rules of Practice and Procedure.

By separate notices of deficiency, respondent determined the following deficiencies in and additions to petitioners' Federal income taxes:

| | | Additions to Tax | |
|---|---|---|---|
| Year | Deficiency | Sec. 6651(a)(1) | Sec.6653(a)(1) |
| 1986 | $1,998 | $499.50 | $99.90 |
| 1987 | 1,794 | 449.00 | 90.00 |

Following concessions by the parties,[2] the issues for decision for the year 1987 are:  (1) Whether petitioners are subject to the application of section 59(a)(2), which limits the amount of the alternative minimum tax foreign tax credit otherwise allowable under section 59(a)(1), and (2) whether petitioners are liable for the additions to tax under sections 6651(a)(1) and 6653(a)(1).

Some of the facts were stipulated, and those facts, with the annexed exhibits, are so found and are incorporated herein by reference.  At the time the petition was filed, petitioners' legal residence was Saint John, New Brunswick, Canada.

Petitioners, nonresident United States citizens, have resided in Canada since 1979.   William David Jamieson

---

[2]     In their pleadings, petitioners alleged that respondent was barred from assessing and collecting taxes against them for the years at issue because of the period of limitations under sec. 6501(a).  In the answer, respondent denied the allegation and affirmatively alleged that respondent was not barred.  At trial, petitioners conceded this issue.  Also at trial, respondent conceded the deficiency and additions to tax against petitioners for 1986.

(petitioner), an attorney, is employed as vice president, corporate and legal, with The Irving Group in St. John, New Brunswick, Canada.  Petitioners filed separate Canadian income tax returns and paid Canadian income taxes totaling $89,722.80 for tax year 1987.

On March 22, 1993, petitioners filed their U.S. Federal income tax return for tax year 1987.  While petitioners reported some U.S. source income in the form of interest and dividends, most of the income reported was foreign source, taxable in Canada.  Petitioners reported a tax liability for 1987 of $42,953.48 and claimed an alternative minimum foreign tax credit under section 59(a)(1) of $42,497.36.

Respondent determined that petitioners have an alternative minimum tax liability for 1987 under section 55(b)(1)(A) in the amount of $17,940, before the application of the section 59(a) credit, and that section 59(a)(2) limits the amount of the alternative minimum tax foreign tax credit under section 59(a), which may be used to offset petitioners' alternative minimum tax liability to only 90 percent of such liability.

Petitioners do not dispute respondent's determination of their precredit alternative minimum tax under section 55(b)(1)(A).  Petitioners argue, however, that the Convention Between the United States of America and Canada With Respect to Taxes on Income and on Capital (U.S.-Canada Treaty), Sept. 26,

1980, T.I.A.S. 11087, prohibits, as double taxation, the limitation of section 59(a)(2).[3]  More specifically, petitioners contend that application of section 59(a)(2) violates article XXIV(4)(b) and article XXIX(2) and (3) of the U.S.-Canada Treaty.

Article XXIV(4)(b), Elimination of Double Taxation, provides, in pertinent part, "For the purposes of computing the United States tax, the United States shall allow as a credit against United States tax the income tax paid or accrued to Canada".  Article XXIX(2) provides, in pertinent part, that nothing in the U.S.-Canada Treaty shall prevent the United States or Canada from taxing its citizens as if there were no convention between the U.S. and Canada with respect to income taxes on income and on capital.  Article XXIX(3) provides, however, that the provisions of paragraph (2) shall not affect the obligations undertaken by the two countries with respect to article XXIV, Elimination of Double Taxation.

Petitioners conclude that the above U.S.-Canada Treaty provisions forbidding double taxation of income override the provisions of section 59(a)(2).  Citing Lindsey v. Commissioner, 98 T.C. 672 (1992), affd. without published opinion 15 F.3d 1160 (D.C. Cir. 1994), respondent contends that the limitations of

---

[3]    The treaty became effective on Aug. 16, 1984, having been signed on Sept. 26, 1980, and amended on June 14, 1983, and Mar. 28, 1984, and was in effect during 1987.  The treaty was further amended on Aug. 31, 1994, but that amendment had not been ratified as of the date of this opinion.

section 59(a)(2), and not the treaty provisions, are controlling in this case. Under Lindsey v. Commissioner, supra, section 59(a)(2) limits the alternative minimum tax foreign tax credit available to petitioners.

The Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Section 55(a) imposes an alternative minimum tax. The determination of an individual's alternative minimum tax requires a recomputation of the taxable income leading to a new tax base, the alternative minimum taxable income. Sec. 55(b)(2). Section 59(a)(1) provides for an alternative minimum tax foreign tax credit for tax paid to a foreign government. However, section 59(a)(2) provides, in relevant part, that the alternative minimum tax foreign tax credit shall not exceed 90 percent of the tentative minimum tax liability calculated under section 55(b)(1)(A). Accordingly, in general, no more than 90 percent of the alternative minimum tax may be offset by the alternative minimum tax foreign tax credit available under section 59(a)(1).

In Lindsey v. Commissioner, supra, the taxpayer, a U.S. citizen residing in Switzerland, argued that the provision in the United States-Swiss Confederation Income Tax Convention forbidding double taxation should override the provisions of

section 59(a)(2). After a detailed analysis of the legislative history of the relevant code sections, this Court concluded that, while section 59(a)(2) conflicted with the treaty provision, "when a treaty and an act of Congress conflict 'the last expression of the sovereign will must control'." Lindsey v. Commissioner, supra at 676, (quoting Chae Chan Ping v. United States (Chinese Exclusion Case), 130 U.S. 581, 600 (1889)).

The U.S-Canada Treaty became effective on August 16, 1984. Section 59(a)(2) was enacted into law as part of the Tax Reform Act of 1986, Pub.L. 99-514, sec. 701(a), 100 Stat. 2085, 2336-2337. This enactment was subsequent to the ratification of the U.S.-Canada Treaty. Therefore, pursuant to Lindsey v. Commissioner, supra, the U.S.-Canada Treaty must yield to the application of section 59(a)(2). Section 59(a)(2) is the last expression of the sovereign will. Accordingly, notwithstanding the U.S.-Canada Treaty, petitioners are subject to the limitations of section 59(a)(2).[4]

---

[4] The use of this "later-in-time" rule is supported by provisions of the Technical & Miscellaneous Revenue Act of 1988 (TAMRA), Pub. L. 100-647, 102 Stat. 3342, 3531. See Lindsey v. Commissioner, 98 T.C. 672, 676-677 (1992). Pursuant to TAMRA, these provisions as enacted on Nov. 10, 1988, are effective for tax years beginning in 1987 and thereafter. See sec. 1012(aa)(4) of TAMRA. Since the year at issue in this case is 1987, the provisions are applied retroactively to petitioner. The Court finds that this period of retroactivity is a modest one and does not violate petitioner's right of due process. Tate & Lyle v. Commissioner, 103 T.C. 656, 675 (1994) (quoting U.S. v. Carlton, 512 U.S. ___, ___, 114 S. Ct. 2018, 2022 (1994)).

Petitioners alternatively argue that the third protocol, i.e., the amendment to the U.S.-Canada Treaty that was signed on August 31, 1994, contains language against double taxation similar to the U.S.-Canada Treaty in effect during 1987. As a later expression of the sovereign will, petitioners argue that the third protocol overrides section 59(a)(2). However, the third protocol has not been ratified by the United States and Canada and is, therefore, not effective. Moreover, the protocol provides generally that, upon the exchange of the instruments of ratification, the protocol will be effective on a prospective basis, rather than retroactively. Accordingly, in petitioners' case, section 59(a)(2) remains the last expression of the sovereign will. Respondent, therefore, is sustained on this issue.

Section 6651(a)(1) provides an addition to tax for the failure to file a timely income tax return, unless the failure to timely file is due to reasonable cause and not due to willful neglect. Section 6653(a)(1) provides an addition to tax if any part of the underpayment of tax is due to negligence or intentional disregard of rules or regulations. Negligence has been defined as a lack of due care or the failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Marcello v. Commissioner, 380 F.2d 499 (5th Cir. 1967), affg. in part and revg. in part T.C. Memo. 1964-299.

Petitioners filed their 1987 Federal income tax return on March 19, 1993. At trial, petitioner stated that on-going audits of his Canadian income tax returns by Revenue Canada since 1985, and the increased complexity of the Internal Revenue Code after the Tax Reform Act of 1986, interfered with the filing of petitioners' return. The audit of petitioners' Canadian returns, however, was completed and resolved sometime in 1989.

Petitioner is an attorney employed as the executive of a large Canadian corporation. If petitioners did not have the expertise to file their 1987 return in an accurate and timely manner, they could have retained counsel or other professional assistance. Despite the fact that their Canadian audit was completed in 1989, petitioners waited until March 19, 1993, to file their 1987 return. Petitioners' failure to file their 1987 return in a timely manner was not reasonable. Accordingly, petitioners are liable for the addition to tax under section 6651(a)(1).

Petitioners failed to establish that they should not be held liable for the addition to tax under section 6653(a)(1). At the time petitioners filed their 1987 return, the Lindsey case had been decided by our Court. As a result, petitioners were on notice that the alternative minimum tax foreign tax credit

claimed by them was calculated improperly.[5]  Petitioners, therefore, are also liable for the addition to tax under section 6653(a)(1).

> Decision will be entered for petitioners for 1986 and for respondent for 1987.

---

[5]    Furthermore, the untimely filing of petitioners' return was negligent.  See Emmons v. Commissioner, 92 T.C. 342 (1989), affd. on other grounds 898 F.2d 50 (5th Cir. 1990).