T.C. Memo. 2008-118


UNITED STATES TAX COURT


WILLIAM D. AND JUDITH A. JAMIESON, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 16421-05.                Filed April 29, 2008.


William D. and Judith A. Jamieson, pro sese.

Louise R. Forbes, for respondent.


MEMORANDUM OPINION


MARVEL, Judge:  Respondent determined a deficiency in
petitioners' Federal income tax of $6,078 for 2003.  The sole
issue for decision is whether petitioners are liable for
alternative minimum tax (AMT) under section 55 as a result of the

limitation on the amount of the AMT foreign tax credit imposed by section 59(a)(2).[1]

## Background

The parties submitted this case fully stipulated under Rule 122. The stipulation of facts is incorporated herein by this reference. Petitioners resided in Rothesay, New Brunswick, Canada, when the petition in this case was filed.

Petitioners are U.S. citizens who resided in Canada during 2003. Petitioners timely filed a joint Form 1040, U.S. Individual Income Tax Return, for 2003. Most of petitioners' reported income was earned and was taxable in Canada. Thus, petitioners claimed foreign tax credits of $95,132 against their reported U.S. tax liability of $96,429, resulting in a net U.S. tax liability of $1,297. Petitioners did not compute their AMT liability under section 55; instead they placed an asterisk on line 42, Alternative minimum tax, of their Form 1040 that referenced the "US-Canada Income Tax Treaty Articles XXIV and XXIX".

On April 7, 2005, respondent mailed petitioners a notice of deficiency determining that they were liable for AMT of $6,078

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

plus accrued interest.[2]  The deficiency resulted solely from respondent's application of the AMT foreign tax credit limitation in section 59(a)(2).

On September 2, 2005, we received and filed petitioners' petition contesting respondent's notice of deficiency. Petitioners allege in their petition that respondent erred in his application of the section 59(a)(2) limitation on AMT foreign tax credits because the Convention With Respect to Taxes on Income and on Capital, U.S.-Can., Sept. 26, 1980, T.I.A.S. No. 11087 (U.S.-Canada Convention or Convention),[3] prohibits the double

_____

[2] Petitioners do not dispute respondent's calculation of their AMT liability.

[3] The U.S.-Canada Convention and two amending protocols, Protocol Amending the Convention With Respect to Taxes on Income and on Capital, U.S.-Can., Sept. 26, 1980, S. Treaty Doc. 98-7 (1983) (First Protocol), and Second Protocol Amending the Convention With Respect to Taxes on Income and on Capital, U.S.-Can., Sept. 26, 1980, as Amended by the Protocol on June 14, 1983, S. Treaty Doc. 98-22 (1984) (Second Protocol), entered into force on Aug. 16, 1984.

The U.S.-Canada Convention has since been amended several times.  See Revised Protocol Amending the Convention With Respect to Taxes on Income and on Capital, U.S.-Can., Sept. 26, 1980, as Amended by the Protocols on June 14, 1983, and Mar. 28, 1984, S. Treaty Doc. 104-4 (1995) (Third Protocol) and Protocol Amending the Convention With Respect to Taxes on Income and on Capital, U.S.-Can., Sept. 26, 1980, as Amended by the Protocols on June 14, 1983, Mar. 28, 1984, and Mar. 17, 1995, S. Treaty Doc. 105-29 (1997) (Fourth Protocol).  Another protocol, Protocol Amending the Convention With Respect to Taxes on Income and on Capital, U.S.-Can., Sept. 26, 1980, as Amended by the Protocols on June 14, 1983, Mar. 28, 1984, Mar. 17, 1995, and July 29, 1997 (Fifth Protocol), was executed on Sept. 21, 2007, S. Treaty Doc. 110-15 (2008).  The Fifth Protocol is not relevant to this case and will

(continued...)

taxation of U.S. citizens residing in Canada.  Petitioners do not dispute that the section 59(a)(2) limitation applies, but they contend that articles XXIV and XXIX of the U.S.-Canada Convention entitle them to claim additional foreign tax credits so as to reduce their U.S. income tax liability to zero and thereby prevent any double taxation on the same income by the United States and Canada.

Discussion

I.   <u>Section 59(a)(2) Limitation on AMT Foreign Tax Credit</u>

Generally, all U.S. citizens are subject to U.S. Federal income tax, and all income of a U.S. citizen is subject to taxation by the United States regardless of the citizen's residence or the source of the income.  Sec. 1; <u>Cook v. Tait</u>, 265 U.S. 47, 56 (1924); sec. 1.1-1(a)(1), Income Tax Regs. Consequently, U.S. citizens who reside or work abroad may face double taxation when the United States and a foreign country tax the same item of income.  This hardship is generally alleviated, however, under the Code through the foreign tax credit.  See sec. 27(a).

Section 55 imposes an AMT in an amount equal to the excess, if any, of the tentative minimum tax for the taxable year over

_____

[3](...continued)
not be discussed in this opinion.

the taxpayer's regular tax for that year.[4]  However, the amount of a noncorporate taxpayer's tentative minimum tax is reduced by the taxpayer's AMT foreign tax credit under section 59(a).  Sec. 55(b)(1)(A)(i).  Section 59(a)(2) limits the amount of the AMT foreign tax credit that can be claimed in a given year.  As in effect for 2003,[5] section 59(a)(2) provides as follows:

> (2) Limitation to 90 percent of tax.--
>
>> (A) In general.--The alternative minimum tax foreign tax credit for any taxable year shall not exceed the excess (if any) of–
>>
>>> (i) the pre-credit tentative minimum tax for the taxable year, over
>>>
>>> (ii) 10 percent of the amount which would be the pre-credit tentative minimum tax without regard to the alternative tax net operating loss deduction and section 57(a)(2)(E).

Petitioners do not dispute that section 59(a)(2) limits their foreign tax credit or that the deficiency respondent determined correctly reflects the calculation of the limitation. The dispute between the parties arises from the parties' arguments regarding the interrelationship of the U.S.-Canada Convention and section 59(a)(2).  Both parties maintain that there is no conflict between the Convention and section 59(a)(2).

---

[4] The definitions and rules for computing a taxpayer's tentative minimum tax and regular tax are found in sec. 55(b) and (c), respectively.

[5] Sec. 59(a)(2) was repealed, effective for taxable years beginning after Dec. 31, 2004, by the American Jobs Creation Act of 2004, Pub. L. 108-357, sec. 421, 118 Stat. 1514.

However, the conclusions that they reach are diametrically opposite. Respondent claims that petitioners may not claim an AMT foreign tax credit for the full amount of tax paid in Canada because of section 59(a)(2), while petitioners claim that the section 59(a)(2) limitation is offset by additional credits under the U.S.-Canada Convention in an amount sufficient to reduce their U.S. income tax liability to zero. In order to resolve these conflicting interpretations of the allegedly harmonious relationship between the U.S.-Canada Convention and section 59(a)(2), we must examine the applicable statutes and Convention provisions to decide (1) whether the Code provisions and the Convention can be harmonized as both parties contend, and (2) if they cannot be harmonized, which provision qualifies as the "last in time".

II. Applicable Statutes and U.S.-Canada Convention Provisions

The U.S.-Canada Convention and two amending protocols, Protocol Amending the Convention With Respect to Taxes on Income and on Capital, U.S.-Can., September 26, 1980, S. Treaty Doc. 98-7 (1983), signed on June 14, 1983 (First Protocol), and Second Protocol Amending the Convention With Respect to Taxes on Income and on Capital, U.S.-Can., September 26, 1980, as Amended by the Protocol on June 14, 1983, S. Treaty Doc. 98-22 (1984), signed on March 28, 1984 (Second Protocol), entered into force on August

16, 1984.  For purposes of this case, the relevant Convention provision is found in article XXIV.

Article XXIV of the U.S.-Canada Convention generally provides that double taxation by the United States and Canada shall be avoided.  Paragraph 1 of article XXIV provides the general rule as follows:

> 1. In the case of the United States, subject to the provisions of paragraphs 4, 5, and 6, double taxation shall be avoided as follows:  In accordance with the provisions and subject to the limitations of the law of the United States (as it may be amended from time to time without changing the general principle hereof), the United States shall allow to a citizen or resident of the United States * * * as a credit against the United States tax on income the appropriate amount of income tax paid or accrued to Canada * * *

Paragraph 4 of article XXIV applies to U.S. citizens who are residents of Canada and provides:

> 4. Where a United States citizen is a resident of Canada, the following rules shall apply:

> (a) Canada shall allow a deduction from the Canadian tax in respect of income tax paid or accrued to the United States in respect of profits, income or gains which arise (within the meaning of paragraph 3) in the United States, except that such deduction need not exceed the amount of the tax that would be paid to the United States if the resident were not a United States citizen; and

> (b) For the purposes of computing the United States tax, the United States shall allow as a credit against United States tax the income tax paid or accrued to Canada after the deduction referred to in subparagraph (a).  The credit so allowed shall not reduce that portion of the United States tax that is deductible from Canadian tax in accordance with subparagraph (a).

In 1986, while the U.S.-Canada Convention was in force, Congress amended the AMT imposed on noncorporate taxpayers by section 55 and added section 59 to the Code.  Tax Reform Act of 1986 (1986 Act), Pub. L. 99-514, sec. 701(a), 100 Stat. 2320. Section 55(b)(1)(A)(i), as amended and in effect for 2003, provides that the amount of a noncorporate taxpayer's tentative minimum tax shall be reduced by the taxpayer's AMT foreign tax credit under section 59(a).  Section 59(a)(2) limits the amount of the AMT foreign tax credit that can be claimed in a given year.

The legislative history of section 59(a)(2) explains the introduction of the AMT foreign tax credit limitation:

> While allowance of the foreign tax credit for minimum tax purposes generally is appropriate, the committee believes that taxpayers should not be permitted to use the credit to avoid all minimum tax liability.  U.S. taxpayers generally derive benefits from the protection and applicability of U.S. law, and in some cases from services (such as defense) provided by the U.S. Government, even if all of such taxpayers' income is earned abroad.  Thus, it is fair to require at least a nominal tax contribution from all U.S. taxpayers with substantial economic incomes.  [S. Rept. 99-313, at 520 (1986), 1986-3 C.B. (Vol. 3) 1, 520; emphasis added.]

Although the U.S.-Canada Convention was in force at the time, Congress nevertheless enacted the limitation in section 59(a)(2) to require all U.S. taxpayers with substantial economic incomes to contribute to the cost of the services they receive from the Federal Government.

In 1988 Congress examined the relationship between Code provisions and treaties during its consideration of the Technical and Miscellaneous Revenue Act of 1988 (TAMRA), Pub. L. 100-647, 102 Stat. 3342, and incorporated into TAMRA an amendment to section 7852(d).  TAMRA sec. 1012(aa)(1), 102 Stat. 3531.  As amended and in effect for 2003, section 7852(d) provides that neither a provision of a treaty nor a law of the United States affecting revenue shall have preferential status by reason of its status as a law or a treaty.  In enacting the amendment to section 7852, Congress intended to make clear that conflicts between a revenue law and a treaty must be resolved by applying the principle that the provision adopted later in time controls (the last-in-time rule).  S. Rept. 100-445, at 321-322 (1988); see also Chae Chan Ping v. United States, 130 U.S. 581, 600 (1889).  Congress went even further in making its intentions known regarding the obligation of U.S. citizens residing abroad to pay at least some AMT.  In addition to amending section 7852(d), Congress enacted the following provision as TAMRA section 1012(aa)(2), 102 Stat. 3531:

> (2) Certain amendments to apply notwithstanding treaties.--The following amendments made by the Reform Act [the 1986 Act] shall apply notwithstanding any treaty obligation of the United States in effect on the date of the enactment of the Reform Act:
>
> (A) The amendments made by section 1201 of the Reform Act.

(B) The amendments made by title VII of the Reform Act to the extent such amendments relate to the alternative minimum tax foreign tax credit.

TAMRA section 1012(aa)(2) clarified that section 59(a)(2) applies notwithstanding treaty obligations in effect on the date of enactment of the 1986 Act.  S. Rept. 100-445, supra at 319.

Following the enactment of TAMRA, the U.S.-Canada Convention was amended.  The revised Protocol Amending the Convention With Respect to Taxes on Income and Capital, U.S.-Can., September 26, 1980, as Amended by the Protocols on June 14, 1983, and March 28, 1984, S. Treaty Doc. 104-4 (1995) (Third Protocol), which was signed on March 17, 1995, and entered into force on November 9, 1995, made changes to Article XXIV affecting credits for Social Security tax, corporate tax exemptions, and the tax treatment of dividends, interest, and royalties, Third Protocol, art. 12, but did not alter the general rule found in article XXIV, paragraph 1, id.  The Protocol Amending the Convention With Respect to Taxes on Income and on Capital, U.S.-Can., September 26, 1980, as Amended by the Protocols on June 14, 1983, March 28, 1984, and March 17, 1995, S. Treaty Doc. 105-29 (1997) (Fourth Protocol), which was signed on July 29, 1997, and entered into force on December 16, 1997, made no modifications to articles XXIV and XXIX of the U.S.-Canada Convention.

Neither the Third nor the Fourth Protocol references section 59 or TAMRA section 1012(aa)(2).

III.  Analysis

It is well established that, where a statute and a treaty pertain to the same subject matter, they must be read so as to give effect to both if at all possible.  Whitney v. Robertson, 124 U.S. 190, 194 (1888).  In Whitney, the Supreme Court explained this general rule as follows:

> By the Constitution a treaty is placed on the same footing, and made of like obligation, with an act of legislation.  Both are declared by that instrument to be the supreme law of the land, and no superior efficacy is given to either over the other.  When the two relate to the same subject, the courts will always endeavor to construe them so as to give effect to both, if that can be done without violating the language of either; but if the two are inconsistent, the one last in date will control the other, provided always the stipulation of the treaty on the subject is self-executing.  * * *  [Id.]

If there is no conflict between a statute and a treaty, "the Code and the treaty should be read harmoniously, to give effect to each."  Pekar v. Commissioner, 113 T.C. 158, 161 (1999).  If, however, the statute and the treaty conflict, the last-in-time rule requires that "the last expression of the sovereign will * * * [controls]."  Chae Chan Ping v. United States, supra at 600; Whitney v. Robertson, supra at 194.

Both petitioners and respondent argue that the double taxation provisions of the U.S.-Canada Convention and section 59(a)(2) are not in conflict and can be read in harmony, thus making the last-in-time rule inapplicable.  Under petitioners' interpretation, section 59(a)(2) and the U.S.-Canada Convention

operate at different times, and consequently, section 59(a)(2) does not limit petitioners' ability to claim foreign tax credits under the Convention.  Thus, according to petitioners, taxpayers first apply the foreign tax credits allowed under the Code (sections 27 and 55(b)), taking into account the corresponding limitations (e.g., section 59(a)(2)), to compute their tax liability, and if double taxation remains, the Convention provides tax credits to correct double taxation of the same income by the United States and Canada.  In essence, petitioners conclude that the U.S.-Canada Convention prohibits any form of double taxation on their 2003 income.  Under respondent's interpretation, the U.S.-Canada Convention does not prohibit all double taxation; rather the treaty expresses the intention of Canada and the United States to avoid double taxation.  Section 59(a)(2) reflects Congress's intention that all U.S. taxpayers with substantial incomes contribute to the cost of the services provided by the Federal Government, and the U.S.-Canada Convention does not prohibit this minimum contribution.  Alternatively, both parties argue that, even if we determine there is a conflict, the last-in-time rule validates their respective positions.

We have addressed whether article XXIV of the U.S.-Canada Convention conflicts with the limitation on the AMT foreign tax credit imposed by section 59(a)(2) in several cases.  In Jamieson

v. Commissioner, T.C. Memo. 1995-550, affd. without published opinion 132 F.3d 1481 (1997), petitioners alleged that article XXIV and section 59(a)(2) conflict. We assumed but did not expressly decide that there was a conflict between the comparable double taxation provisions of the U.S.-Canada Convention[6] and section 59(a)(2), and we applied the last-in-time rule to conclude that section 59(a)(2) was the last expression of the sovereign will. We rejected petitioners' alternative argument that the Third Protocol overrides section 59(a)(2) under the last-in-time rule because the Third Protocol had not been ratified by the United States and Canada and was not effective on the relevant date.

In Kappus v. Commissioner, T.C. Memo. 2002-36, affd. 337 F.3d 1053 (D.C. Cir. 2003), and Price v. Commissioner, T.C. Memo. 2002-215, we addressed the question of whether the U.S.-Canada Convention, as amended by the Third and Fourth Protocols, and section 59(a)(2) conflict. In both cases the taxpayers argued that section 59(a)(2) and the U.S.-Canada Convention conflicted and that the Third and Fourth Protocols had the effect of reestablishing the Convention as the last expression of the sovereign will under the last-in-time rule. In both cases we

---

[6] The Court cited Lindsey v. Commissioner, 98 T.C. 672 (1992), affd. without published opinion 15 F.3d 1160 (D.C. Cir. 1994), in support of its assumption. In Lindsey, we examined the provisions regarding double taxation in the U.S.-Switzerland Convention, and we held that they conflicted with sec. 59(a)(2).

concluded that there was no conflict, and we held that relevant U.S.-Canada Convention provisions and section 59(a)(2) could be harmonized.  Accordingly, we did not reach the taxpayers' arguments under the last-in-time rule.[7]

The taxpayer in Kappus appealed this Court's decision to the Court of Appeals for the D.C. Circuit.  In Kappus v. Commissioner, 337 F.3d 1053 (D.C. Cir. 2003), the Court of Appeals affirmed this Court's decision for the Commissioner but did so on different grounds.  The Court of Appeals noted that the question of whether a conflict existed between the U.S.-Canada Convention and section 59(a)(2) was extremely close, but it concluded that it did not need to resolve the question because section 59(a)(2) was the last relevant provision under the last-in-time rule.  See S. African Airways v. Dole, 817 F.2d 119, 125-126 (D.C. Cir. 1987); Jamieson v. Commissioner, supra.  The Court of Appeals stated that when a statute conflicts with a treaty, "'The duty of the courts is to construe and give effect to the latest expression of the sovereign will.'"  Kappus v. Commissioner, 337 F.3d at 1057 (quoting Whitney v. Robertson, 124

---

[7] Although petitioners attempt to avoid the result reached in Kappus v. Commissioner, T.C. Memo. 2002-36, affd. 337 F.3d 1053 (D.C. Cir. 2003), and Price v. Commissioner, T.C. Memo. 2002-215, by arguing that the U.S.-Canada Convention does not conflict with sec. 59(a)(2), the substance of petitioners' argument is that, under the U.S.-Canada Convention, as amended by the Third and Fourth Protocols, no double taxation is permitted. In Kappus and Price, this Court rejected that argument.

U.S. at 195).  In deciding whether the U.S.-Canada Convention, as amended by the Third and Fourth Protocols, or section 59(a)(2) takes precedence as the latest expression of the sovereign will, the Court of Appeals acknowledged that, although section 59(a)(2) did not specifically deal with the relationship between its requirement and tax treaty provisions, Congress made its will known when it enacted section 7852(d)(1) and TAMRA section 1012(aa)(2).  The Court of Appeals concluded that "TAMRA thus made it crystal clear that Congress intended the 90% cap on the AMT foreign tax credit to supercede any preexisting treaty obligation with which it conflicted."  Kappus v. Commissioner, 337 F.3d at 1058.  It then examined and rejected the taxpayer's argument that the Third and Fourth Protocols reestablished the U.S.-Canada Convention as the last expression of the sovereign will, holding that it could not read the protocols as implicitly reviving original treaty provisions that had been superseded by section 59(a)(2).  Id.  The Court of Appeals, quoting Johnson v. Browne, 205 U.S. 309, 321 (1907), in which the Supreme Court applied a canon of construction that repeals by implication are not favored in the interpretation of a treaty, concluded that "'[a] later treaty will not be regarded as repealing an earlier statute by implication unless the two are absolutely incompatible and the statute cannot be enforced without antagonizing the treaty.'"  Id. at 1059.  The Court of Appeals, applying this

standard to the alleged conflict, held that the Third and Fourth Protocols are not absolutely incompatible with section 59(a)(2) "because their text neither bars its application nor modifies any treaty provision that bars it" and that section 59(a)(2) prevails over the U.S.-Canada Convention, as amended by the Third and Fourth Protocols.  Id.

This case is appealable, barring a stipulation to the contrary, to the Court of Appeals for the D.C. Circuit.  See sec. 7482(b)(1).  Under the rule in Golsen v. Commissioner, 54 T.C. 742, 757 (1970), affd. 445 F.2d 985 (10th Cir. 1971), we must follow a Court of Appeals decision that is squarely in point where appeal from our decision lies to that Court of Appeals.  We do not believe that the relevant facts and law as summarized in the opinion of the Court of Appeals for the D.C. Circuit in Kappus v. Commissioner, 337 F.3d 1053 (D.C. Cir. 2003), can fairly be distinguished from the facts and law involved in this case.  Both cases involve the U.S.-Canada Convention, as amended by the Third and Fourth Protocols.  The issue presented in each case is also the same--whether the taxpayers were liable for AMT as a result of the application of the AMT foreign tax credit limitation contained in section 59(a)(2).  Consequently, like the Court of Appeals in Kappus, we shall assume that a conflict exists between the U.S.-Canada Convention and section 59(a)(2). Applying the last-in-time rule, we hold that section 59(a)(2) is

the last expression of the sovereign will and that it takes precedence over the U.S.-Canada Convention to the extent there is a conflict between them. TAMRA section 1012(aa)(2) makes it very clear that Congress intended the limitation of section 59(a)(2) to supersede existing treaty provisions prohibiting double taxation. The U.S.-Canada Convention was one of those treaties. Neither the Third nor the Fourth Protocol contains any provision clearly indicating that Congress's intention to ensure that taxpayers with sufficient means should contribute a minimum amount of tax to the United States had been superseded. See S. Rept. 100-445, supra at 319.

We address one additional argument. Article XXIX contains a saving clause that incorporates article XXIV as follows:

> 2. Except as provided in paragraph 3, nothing in the Convention shall be construed as preventing a Contracting State from taxing its residents (as determined under Article IV (Residence)) and, in the case of the United States, its citizens * * *, as if there were no convention between the United States and Canada with respect to taxes on income and on capital.
>
> 3. The provisions of paragraph 2 shall not affect the obligations undertaken by a Contracting State:
>
> (a) under * * * [Article] XXIV (Elimination of Double Taxation) * * *

Petitioners point to article XXIX for the argument that, although the United States is free to change its tax laws under paragraph 2, it is prevented by paragraph 3 from adopting new tax laws that void or invalidate the double taxation provisions of article

XXIV.  In petitioners' view, the exception to the saving clause contained in paragraph 3 of article XXIX makes the final elimination of any actual double taxation the "exclusive domain and preemptive jurisdiction of the * * * provisions of article XXIV".

We reject petitioners' argument pertaining to the significance of the exception to the saving clause contained in article XXIX of the U.S.-Canada Convention.  Paragraph 3 of article XXIX does nothing more than require the United States to tax its citizens within the parameters of article XXIV. Consequently, article XXIX merely reserves the issue of double taxation to article XXIV which, as discussed above, must give way to the provision of section 59(a)(2) as the most recent expression of the sovereign will regarding the taxation of U.S. citizens living in Canada.

IV.  Conclusion

For the reasons set forth in this opinion and in Kappus v. Commissioner, 337 F.3d 1053 (D.C. Cir. 2003), we hold that section 59(a)(2) takes precedence under the last-in-time rule and that petitioners are liable for $6,078 in AMT resulting from the application of the section 59(a)(2) limitation, as respondent determined.

We have considered all the parties' other arguments and, to the extent not discussed above, conclude those arguments are irrelevant, moot, or without merit.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.